MARY A. PECKHAM and Others, Respondents, *v.* THE DUTCHESS COUNTY RAILROAD COMPANY, Defendant.

JAMES K. O. SHERWOOD, Receiver of Philadelphia, Reading and New England Railroad Company, Appellant.

*Judgment compelling the construction of farm crossings — a receiver of the lessee of a railroad company must comply with such judgment or abandon the leased property.*

The right of a railroad corporation to maintain its railway rests entirely upon the statutory provisions, and a judgment recovered against a railroad corporation, which adjudges that certain work must be done by the railroad company in order to comply with the statutory provisions compelling it to furnish suitable farm crossings, is in the nature of a judgment *in rem.* It binds any person or corporation who acquires an interest in the railroad against which such judgment is recovered subsequent to the date of its recovery.

The receiver of a lessee of a railroad company, against which a judgment has been recovered directing the construction by the company of a certain farm crossing, must either comply with the judgment or abandon the leased railroad.

The receiver of a lessee of a railroad can only hold the railroad subject to the same liabilities as any other tenant, and upon his failure to comply with the terms of the lease the owner of the leased railroad can compel him to either pay the rent or abandon his lease.

APPEAL by James K. O. Sherwood, receiver of the Philadelphia, Reading and New England Railroad Company, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Dutchess on the 9th day of May, 1894, directing him to comply with the requirements of the judgments in the above-entitled action, and to make a crossing for the plaintiffs under the line of said railroad in the manner therein directed.

*Milton A. Fowler* and *James Armstrong*, for the receiver, appellant.

*Herrick & Losey*, for the respondents.

DYKMAN, J.:

We deem it unnecessary in this action to do more than to state our conclusions, which are these :

The judgment in the action against the Dutchess County Railroad Company, recited in the papers, was in the nature of a judgment *in rem*. The only right of that company to maintain a railroad is to maintain it in compliance with the statutory provisions, which compel the company to furnish suitable farm crossings.

· The judgment in the case was that the particular work intended to be done was necessary to comply with the statute which gives such farm crossings. The judgment was recovered before the lease of the Reading Railroad Company, and bound the latter or any other person or corporation who acquired an interest in the Dutchess County railroad subsequently to the date of its recovery. The receiver, Sherwood, has simply acquired the rights of the Reading Railroad Company, and as against the plaintiffs cannot claim any greater immunity from compliance with the judgment of the court than any other party or company that might succeed to its rights.

It is true that the order is broad enough in its terms to compel the receiver to pay out of any fund of the Reading road the expense of constructing the farm crossings, but the receiver must do one of two things — either comply with the judgment of the court as to the manner in which the Dutchess railroad shall be constructed or abandon the property. In case of such abandonment, the plaintiff can then proceed against the Dutchess and Columbia Railroad Company, but the receiver can only hold that railroad subject to the same liabilities as any other tenant. If he has failed to comply with the terms of the lease, the Dutchess and Columbia Railroad Company can compel him, receiver though he is, to either pay the rent or quit, and he must do the same according to this judgment.

The order should be affirmed, with ten dollars costs and disbursements.

CULLEN, J., concurred; BROWN, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.