(23 App. Div. 75.)

In re JACOBSON et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1897.)

EMINENT DOMAIN—ADDITIONAL PARTIES—RECEIVERS.

If, while abutters' actions for injunctive relief are pending against an elevated railroad company, a receiver of its property is appointed pendente lite in an action to foreclose a mortgage thereon, it is proper to grant permission to the plaintiffs in the pending actions to add the receiver as a party defendant, and proceed to judgment.

Appeal from special term.

In the matter of the petition of Arthus C. Jacobson and others for leave to sue Frederick Uhlmann. From an order granting leave to proceed with certain actions against the Brooklyn Elevated Railroad Company, and to make the receiver of such company a defendant, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and BRADLEY, JJ.

George W. Wingate, for appellant.
James A. Sheehan, for respondents.

GOODRICH, P. J. The petitioners commenced their several actions against the Brooklyn Elevated Railroad Company and the Union Elevated Railroad Company to recover the rental and fee damages to their property in various streets, caused by the construction of the latter company's railroad, which was leased to and operated by the former company. The actions are at issue and ready for trial. An action was brought by the Central Trust Company

of New York, as trustee, against the Brooklyn Elevated Railroad Company, to foreclose a mortgage given by the latter to the former company to secure a mortgage upon all the railroads and other real and personal property of such railroad, and all franchises, ease- ments, privileges, etc., owned or leased by it; and in such action, on March 25, 1897, Frederick Uhlmann was appointed receiver of such property, with power to defend all pending actions against said Brooklyn Elevated Railroad Company, and to manage and operate the road, which he continues to do. The special term entered an order permitting the petitioners to proceed with their several actions, and, by supplemental complaint, to add the receiver as party de- fendant. The receiver appeals from so much of this order as per- mits the plaintiffs to make him a party, contending that the receiver is only appointed pendente lite, and is a mere temporary officer of the court, charged only with the duty of operating the road.

To reverse the order would be to postpone the prosecution of the petitioners' action until the final determination of the foreclosure suit, the sale of the road, and the discharge of the receiver. What time will be occupied by such proceedings is not very apparent. It may be for years; it may be forever. There have been instances where a receiver of an insolvent railroad has continued to operate it until compelled by action of creditors to close his trust; and we cannot assume that there is any definite time within which the pres- ent receiver will cease to act. It is not just to postpone the pro- ceedings of the petitioners for so indefinite a period. The petition alleges that the order under which the receiver was appointed au- thorized him to defend all actions instituted against him, and also to appear and conduct the defense of any action pending against the company. In his answering affidavit, the receiver alleges that he is advised by counsel that he has a reasonable time to decide whether or not he will institute condemnation proceedings to acquire and pay for easements, and that an action in equity cannot be main- tained against him for fee damages until such opportunity has been offered him. As he has been receiver since March, it is not difficult to see that if the consideration of this simple question, for the solu- tion of which he has right to counsel, has already required a period of more than seven months, there is serious danger that other mat- ters may occur which will result in a further and somewhat lengthy postponement of the petitioners' right to trial, unless this applica- tion is granted. It may also be observed that the order appointing the receiver conferred upon him at once the duty and obligation of doing precisely what the petitioners desire, viz. to appear and con- duct, if he so desire, the defense of all actions against the company.

We do not think it necessary to consider any questions as to the ultimate rights of the petitioners to relief, and it makes no difference that the purchaser at the foreclosure sale may be required to take the road cum onere. In the analogous case of Peckham v. Railroad Co., 81 Hun, 399, 31 N. Y. Supp. 105, affirmed 145 N. Y. 385, 40 N. E. 15, it is expressly decided that a receiver of a railroad, pendente lite, may be compelled to erect a farm crossing under the line of its road, and be restrained from any use of the road until the same is

done. It is true that in that case there had been a judgment against the company directing such construction, but that makes no difference in the principle which must control our decision. The petitioners claim the existence of certain rights of action against the company, and, while it is true that these have not been adjudicated, yet this order does not contemplate any such remedy as was given in the cited case. That question may recur when the petitioners have had opportunity to obtain their judgments, but they should not be prevented by any order of the court from prosecuting their rights to a determination.

It may also be suggested in this connection that we are not prepared to hold that any damages which the petitioners have suffered can be defeated by the execution of a mortgage covering and partly based upon property rights alleged to have been taken from them by the defendant railroad company in the construction and operation of its road, and that they should be allowed an early opportunity of having their rights determined.

The order is affirmed, with $10 costs and disbursements. All concur.